IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| REIDIE JACKSON, PRO SE, § | |
| TDCJ-CID No. 1164177, § | |
| Previous TDCJ-CID No. 795456, § | |
| Previous TDCJ-CID No. 874760, § | |
| JERMAINE LANDRUM, § | |
| TDCJ-CID No. 1403311 § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | 2:12-CV-0212 |
| § | |
| GREGORY BOLAND, § | |
| MANUEL FRESCAS, and § | |
| GREGORY S. DAVID, § | |
| § | |
| Defendants. § | |

## REPORT AND RECOMMENDATION

The instant cause was originally filed as Case No. 100851-A in the 47th Judicial District Court of Potter County, Texas on August 30, 2012 and was removed to the United States District Court for the Northern District of Texas, Amarillo Division, on October 8, 2012, by defendants BOLAND and FRESCAS, where it was filed under the above-stated style and cause number.

Plaintiff REIDIE JACKSON, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, sections 1983, 1985(3), and 1986 complaining against the above-named defendants. The filing fee was paid by the defendants upon removal.

By his November 9, 2012 Amended Complaint, plaintiff claims, in relevant part, that defendant GREGORY S. DAVID, Assistant Warden, did not adequately investigate and satisfactorily resolve grievances plaintiff sent him concerning events on or about January 22,

2012 and February 27, 2012.  Plaintiff accuses him of "deliberate indifference; conspiracy; deprived of equal protection."

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2).  The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions.  42 U.S.C. 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff in his complaint to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

right to have his grievances investigated and resolved.  Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima.  *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979).  Plaintiff's claim against defendant DAVID on this basis lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In addition, to the extent plaintiff bases his claim against this defendant, in whole or in part, on defendant DAVID's supervisory position and his failure to correct the alleged wrong, the acts of subordinates trigger no individual section 1983 liability for supervisory officers.  *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999).  A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed.  *Thompkins v. Belt*, 828 F.2d 298, 304 (5th  Cir.1987); *Douthit v. Jones*, 641 F.2d 345,  346 (5th Cir.1981) (*per curiam*).  Plaintiff has alleged no fact demonstrating personal involvement by defendant DAVID and has alleged no fact showing any causal connection between his acts and the alleged constitutional violations.  Consequently, plaintiff's allegations against this defendant fail to state a claim on which relief can be granted.

Plaintiff's allegations utterly fail to state an Equal Protection claim.  As to his claim of conspiracy, plaintiff has presented only his conclusory allegation to support this claim.

Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990).  Consequently, plaintiff's claim of conspiracy, whether considered under section 1983 or 1985 fails to state a claim on which relief can be granted.

Lastly, a  section 1986 claim requires an underlying section 1985 claim as its foundation. *Irwin v. Veterans Administration*, 874 F.2d 1092, 1095 (5th Cir.), *aff'd*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1991)(section 1985 conspiracy forms an integral part of a section 1986 claim). Plaintiff's claim under section 1986 fails because there is no valid underlying section 1985 claim.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the recommendation of the Magistrate Jude to the United States District Judge that the Civil Rights Claims filed pursuant to Title 42, United States Code, sections 1983, 1985(3) and 1986 by plaintiff REIDIE JACKSON against defendant GREGORY S. DAVID be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND WITH PREJUDICE AS FRIVOLOUS.

Plaintiff may utilize the period for filing objections in which to amend his pleadings to cure his deficient claim(s) or he may file objections to the Report and Recommendation.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 14th day of December, 2012.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).