IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

REIDIE JACKSON, PRO SE, §
TDCJ-CID No. 1164177, §
Previous TDCJ-CID No. 795456, §
Previous TDCJ-CID No. 874760, §
JERMAINE LANDRUM, §
TDCJ-CID No. 1403311 §
　§
Plaintiffs, §
　§
v. § 2:12-CV-0212
　§
GREGORY BOLAND, §
MANUEL FRESCAS, and §
GREGORY S. DAVID, §
　§
Defendants. §

## ORDER OF PARTIAL DISMISSAL

The instant cause was originally filed as Case No. 100851-A in the 47th Judicial District Court of Potter County, Texas on August 30, 2012 and was removed to the United States District Court for the Northern District of Texas, Amarillo Division, on October 8, 2012, by defendants BOLAND and FRESCAS, where it was filed under the above-stated style and cause number.

Plaintiff REIDIE JACKSON, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, sections 1983, 1985(3), and 1986 complaining against the above-named defendants. The filing fee was paid by the defendants upon removal.

On December 14, 2012, a Report and Recommendation was issued by the United States Magistrate Judge recommending plaintiff's claims against defendant DAVID be dismissed without prejudice for failure to state a claim on which relief can be granted and with prejudice as frivolous.

On December 26, 2012, plaintiff filed a document entitled "Second Amended Complaint" which, by his January 10, 2013 Response, he has elected to have treated as his Objections to the Report and Recommendation. By his Objections, plaintiff alleges defendant DAVID was presumably the warden who gave directions and enforced policies on the High Security Area where plaintiff was housed. He states defendant DAVID enforced the policy or custom that prevented inmates from giving sick call requests directly to medical personnel.

Plaintiff goes on to allege that all the defendants had a "mutual understanding" and a common goal of deliberately, intentionally, or recklessly endangering plaintiff's present and future health. Plaintiff says defendant DAVID, after receiving notice of the altercation between plaintiff and defendant FRESCAS, "refus[ed] to instruct a subordinate [to] have medical engage treatment policy."

While plaintiff ascribes a "mutual understanding" and "common goal" to the defendants, he does not present any allegation of material fact to support the implicit claim of conspiracy. Conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983, *McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990).

As to his allegation that DAVID, after receiving notice of the February 25, 2012 altercation between plaintiff and defendant FRESCAS, "refus[ed] to instruct a subordinate [to] have medical engage treatment policy," the only notice plaintiff's complaint indicates went to DAVID was that contained in plaintiff's April 27, 2012 Step 1 Grievance No. 2012160993, by which plaintiff requested a unit transfer. Although plaintiff alluded to an attempt by the other defendants to cover-up the incident by denying him medical treatment, plaintiff does not actually request medical treatment or indicate he needs any at that time. Moreover, defendant DAVID merely investigated

2

and resolved the grievance. As set forth in the Magistrate Judge's Report and Recommendation, the narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Moreover, plaintiff's claim in this respect is, at most, that defendant DAVID was negligent in the investigation and resolution of plaintiff's grievance. Plaintiff's section 1983 claim against defendant DAVID on this basis lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

The Court has made an independent examination of the records in this case and has examined the Magistrate Judge's Report and Recommendation, as well as the Objections filed by the plaintiff.

The Court is of the opinion that the objections of the plaintiff should be OVERRULED and the Report and Recommendation of the United States Magistrate Judge should be ADOPTED by the United States District Court, as supplemented herein.

This Court, therefore, does OVERRULE plaintiff's objections, and does hereby ADOPT the Report and Recommendation of the United States Magistrate Judge, as supplemented herein.

IT IS THEREFORE ORDERED that plaintiff's Civil Rights Claims filed pursuant to Title 42, United States Code, sections 1983, 1985(3) and 1986 by plaintiff REIDIE JACKSON against defendant GREGORY S. DAVID be DISMISSED WITHOUT PREJUDICE FOR FAILURE TO

STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED AND WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The Clerk shall send a copy of this order to plaintiff and to any attorney of record.

The Clerk shall also provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ—Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 9362159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342–0629, fax: 936-437–4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three–Strikes List.

It is SO ORDERED.

Signed this the _____14th_____ day of January, 2013.

MARY LOU ROBINSON
United States District Judge